**FILED**
**U.S. District Court**
**District of Kansas**
06/22/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

EDDIE JOE MILLS, JR.,

      Plaintiff,

      v.                      CASE NO.  26-3146-JWL

SEDGWICK COUNTY, et al.,

      Defendants.

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Eddie Joe Mills, Jr. is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff is a prisoner incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.  On May 22, 2026, Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983.  The Court issued a notice of deficiency ("NOD") directing Plaintiff to pay the filing fee or file a motion to proceed without prepayment of fees.  Plaintiff responded by filing a motion for leave to proceed in forma pauperis, but he failed to provide the financial information required to support his motion.  The Court issued a second NOD with a response deadline of July 6, 2026.  Given KDOC's recent delays in providing inmates with account statements, the Court grants Plaintiff provisional leave to proceed in forma pauperis.  Plaintiff must, however, continue his attempts to obtain an account statement for the appropriate six-month period, and he must submit the proper

1

account statement as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

Plaintiff's Complaint involves the alleged violation of a settlement agreement. Plaintiff states that he was sexually assaulted in Sedgwick County in 2004. As part of a legal settlement, he "was not to be housed in Sedgwick County ever again." (Doc. 1, at 2.) In 2024, Plaintiff was arrested for attempted aggravated robbery and put in the Sedgwick County Jail, in violation of the settlement agreement.

Plaintiff names Sedgwick County, Kansas, as defendant. Plaintiff seeks compensation for the pain and suffering he experienced from having to relive the assault in the amount of $400,000. *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts

2

all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at

3

1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

In a § 1983 action, the Complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law."  *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007).  This action is subject to dismissal because Plaintiff has not alleged a federal constitutional violation.  Plaintiff makes no reference to any federal constitutional provision or federal law in his Complaint.

Rather, Plaintiff's Complaint is based on the alleged violation of a settlement agreement.  However, Plaintiff does not provide a copy of the settlement agreement or any information about it.  An online search of state court records reveals juvenile criminal matters involving Plaintiff filed in 2003 and 2004, but no civil matters.  *See In the Matter of Eddie J. Mills Jr.*, Case No. 2003-JV-001199 (District Court of Sedgwick County, Kansas) and *In the Matter of Eddie J. Mills Jr.*, Case No. 2024-JV-000707 (District Court of Sedgwick County, Kansas).  Likewise, a search of CM/ECF does not show any prior federal civil rights lawsuits filed by Plaintiff.

It may be possible for the violation of a settlement agreement to state a claim under § 1983, but Plaintiff has not included enough factual allegations in his Complaint for the Court to make that determination.

In addition, if Plaintiff did otherwise state an actionable § 1983 claim, his request for compensatory damages for his pain and suffering is barred by 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Plaintiff has failed to allege any physical injury. Therefore, he may not recover damages for mental and emotional injuries he may have suffered.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (26-3146-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint.

*See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis.  Plaintiff must continue his efforts to obtain the appropriate account statement and submit it to the Court for filing in this case as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 22, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **July 22, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated June 22, 2026, in Kansas City, Kansas.

<u>S/   John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE